```
              UNITED STATES DISTRICT COURT
            SOUTHERN DISTRICT OF MISSISSIPPI
                    JACKSON DIVISION


TERRELL CATCHINGS AND
RACHEL CATCHINGS                                    PLAINTIFFS

VS.                              CIVIL ACTION NO. 3:05CV422LN

ALLSTATE INSURANCE COMPANY,
ALLSTATE INDEMNITY CORPORATION AND
ALLSTATE CORPORATION                                DEFENDANTS
```

MEMORANDUM OPINION AND ORDER

This cause is before the court on the motion of plaintiffs Terrell Catchings and Rachel Catchings for remand and for attorneys' fees. Defendants Allstate Insurance Company, Allstate Indemnity Corporation and Allstate Corporation (collectively Allstate) have responded in opposition to the motion. The court has now considered the memoranda of authorities, together with attachments, submitted by the parties.

Plaintiffs filed this case in state court alleging that defendants engaged in credit-based rate discrimination when it sold plaintiffs automobile and/or home insurance. Plaintiffs alleged, more particularly, that defendants engaged in a practice of wrongly charging higher and more expensive premium rates based directly and entirely on customers' "credit scores" or other credit-related data associated with such customers, and thereby violated its duty of good faith and fair dealing. They alleged further, that in failing to disclose and/or otherwise concealing

this practice to its customers, including plaintiffs, Allstate committed fraud, and they charged that Allstate's "grossly and willfully negligent and reckless omissions" relating to its unfair discrimination entitled plaintiffs not only to recovery of their actual losses but to an award of punitive damages, as well.

Plaintiffs' ad damnum clause demanded damages, as follows:

> WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein and that upon final trial Plaintiff be awarded judgment against Defendants, jointly and severally, for actual damages; compensatory and incidental damages; punitive damages; not to exceed $74,500.00, in the aggregate, for all claims under this lawsuit exclusive of interest and costs.  Plaintiff herein does not seek damages in excess of $74,500, exclusive of interest and costs, for all causes of action listed herein.  Any allegation to the contrary is fraudulent and simply an attempt to harass the Plaintiff and delay this manner towards final resolution.

Defendants removed the case on the basis of diversity jurisdiction, claiming that plaintiffs' demand for damages, including punitive damages, was made in bad faith, in a clear attempt to defeat federal jurisdiction.

Following removal, plaintiffs promptly moved to remand, claiming that while there is complete diversity of citizenship, the amount in controversy, as was made "crystal clear" by the demand in their complaint, is $74,500 for "all claims." Plaintiffs submit that defendants have completely failed to sustain their burden to show that plaintiffs' damages are likely to exceed $75,000, but submit that even it the complaint were

somehow unclear on this issue, plaintiffs' affidavits, submitted along with their motion to remand, conclusively establish that the amount in controversy is no more than $74,500.  These affidavits, which each plaintiff executed, recite as follows:

> I am not seeking damages, including attorney fees, in excess of the total amount of $74,500.00 in this action. I irrevocably agree that the amount of damages, including attorney fees, claimed by me in this action is and will forever be no more than $74,500.00 exclusive of interest and costs.  I irrevocably agree to the entry of an order of the Court, which places an irrevocable cap upon the amount of damages, including attorney fees, which may be sought by or awarded to me in this case, and that this cap shall be set as $74,500.00 exclusive of interest and costs.  I will under no circumstances accept a judgment or settlement in this case in excess of $74,500.00.  I agree, acknowledge and understand that this agreement is binding upon me and my heirs, executors, administrators, and assigns, and cannot be rescinded or revoked under any circumstances regardless of any development which may occur during the investigation, discovery, pretrial, or trial of this action.

In response to plaintiffs' motion, defendants maintain, and the court agrees, that the nature of plaintiffs' claims, particularly in light of their punitive damages allegations, are such that damages would likely exceed $75,000 in the absence of a genuine limitation by plaintiffs on their damages to an amount below the jurisdictional threshold.  Defendants further point out in their reply that applicable law provides for aggregation of individual plaintiff's demands for punitive damages.  See <u>Allen v. R & H Oil & Gas Co.</u>, 63 F.3d 1326, 1335 (5th Cir. 1995) (stating that "the aggregate amount of punitive damages claim . . . must be

3

applied against each Plaintiff to determine whether the amount in controversy requirement for each plaintiff is met"); id. at 1333 ("[T]he unique nature of [punitive damage awards in Mississippi] requires, at least in Mississippi, that the full amount of the alleged damages be counted against each plaintiff in determining the jurisdictional amount.").

The question in this case is whether each plaintiff has effectively limited his/her damages demand to an amount less than $75,000, even taking into account aggregation of punitive damages. Plaintiffs herein did allege in the complaint that they seek damages "not to exceed $74,500.00, in the aggregate, for all claims in this lawsuit." This court has previously held that similar phrasing was "sufficiently clear to establish that no plaintiff seeks an award of damages in the aggregate) or which could be aggregated) of more than $75,000." Bennamon v. American Int'l Group, Inc., Civil Action No. 4:03CV124LN (S.D. Miss. Mar. 18, 2004). Yet in their separate affidavits submitted by plaintiffs in support of their motion to remand, each plaintiff attests that he/she seeks no more than $74,500 for all damages, without indicating that this limitation is intended to irrevocably commit them to seeking and accepting no more than $74,500 in the aggregate.

Nevertheless, it appears to the court that it probably was plaintiffs' intention to so limit their damages, and they will therefore be given an opportunity to do so unambiguously.

Accordingly, it is ordered that plaintiffs shall have seven days from the entry of this opinion within which to submit affidavits clarifying whether their intention is to seek no more than $75,000 each, including any amount of aggregated punitive damages.  In the event such affidavits are timely presented, the motion to remand will be granted.  Otherwise, it will be denied.

SO ORDERED this 30th day of September, 2005.

/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE